# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS

### THIRD DISTRICT—MAY TERM, 1895.

## Salome E. Butler v. Jeanie M. Butler, Jeanie E. Frazee, Arnold W. Butler and Speed Butler Loose.

1. REVERSIONERS OF TRUST ESTATES—*Responsibility for Debts, etc.*— Persons entitled to the reversion of an estate under the provisions of a will creating a trust for their benefit, are entitled to retain what they may have received of such property, although by indirect or perverted methods, through a maladministration of the trust for which they are not to blame, and are not to be held for debts contracted during the process of such improper management.

2. TRUSTS—*Maladministration of, Reversioners Not Liable for Debts.*— A person being entitled to the use of a fund for life was himself appointed trustee. He invested it in land and opened a coal mine upon it. He formed a partnership with a person who advanced money for opening the mine and prosecuting the business. It proved a failure. The trustee died insolvent and the partner was compelled to pay the debts of the firm. · The reversioners entered into the possession of the estate. The transaction was held to be a perversion of the trust, and that the surviving partner could not subject the property in the possession of the reversioners to the payment of the money advanced, or to the reimbursement of what such partner had been compelled to pay of the debts of the firm.

**Bill to Subject Real Estate to the Payment of Debts.**—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

McCLERNAND & BUTLER, and PALMER, SHUTT, DRENNAN & LESTER, attorneys for appellant.

(51)

Brown, Wheeler & Brown, attorneys for appellees, Jeanie M. Butler and Jeanie E. Frazee.

McGuire & Salzenstein and Davis McKeown, attorneys for appellee Arnold W. Butler.

W. L. Gross, attorney and guardian *ad litem* for appellee Speed Butler Loose.

Per Curiam.

This was a bill in chancery by the appellant against the appellees, the object whereof was to subject certain real estate to the payment of sundry claims held by the appellant against Speed Butler, deceased. By the will of William Butler, deceased, the sum of $25,000 was devised to Jacob Bunn and John W. Bunn, as trustees, with power to invest and pay the income to said Speed Butler during his life, and after his death to pay said income to the widow and children of said Speed Butler—the principal and accumulations to be divided among the heirs as they attained majority— reserving sufficient to continue the stated payment to the widow. By a decree of the Circuit Court, to which the appellant was a party, but to which the wife and children of said Speed Butler were not parties, said trustees were removed and said Speed Butler was appointed a trustee of, and was authorized to receive, the principal of said fund, and the same was paid to him. With the money so received he purchased land which was deeded to him by the designation of trustee for the appellees, and proceeded to sink a coal mine thereon. In order to prosecute said operations he borrowed $13,000 of the appellant, and to secure her a certain contract was executed by him and her, which is set out in full in the case of The State National Bank v. Butler, 149 Ill. 575. Afterward she advanced him $5,000 more. The mining business was conducted by Speed Butler under the name and style of Speed Butler & Co., and by the ruling of the Supreme Court in the case just cited the appellant was held liable as a partner for the debts of the concern. Speed Butler having died insolvent, she seeks to subject the said property to the payment of the money so advanced to him,

and to reimburse her for what she has been compelled to pay on said indebtedness.

The Circuit Court denied the relief sought and dismissed the bill, from which decree the present appeal is prosecuted. It is quite clear that it was a perversion of the fund to invest it in such mining operations. The reversioners were not parties to the decree by which the fund was taken out of the hands of the trustees named in the will and placed in the control of Speed Butler, who was entitled to the income for his life only. The testator did not intend that he should so control it, and in this respect also, the will was disregarded.

The appellant was a party to the proceeding by which this maladministration was accomplished, and while the widow and heirs may hold on to whatever has fallen to them, it seems hardly equitable to permit her to charge the property with her claims against Speed Butler. They do not stand in his shoes, nor do they in equity occupy the position of heirs. They were entitled to the reversion by the terms of the will, and while they may retain what they have received by an indirect and perverted method, for which they are not to blame—through a maladministration of the trust, to which appellant was a party—they ought not to be held for debts contracted during the process of such improper management and which may exhaust all they have. It is not the case of a mere volunteer taking property *cum onere*, under obligations, legal or equitable, to discharge the liabilities of the donor.

We deem it unnecessary to determine whether the appellees took the property immediately upon the conveyance to Speed Butler, as trustee, by virtue of the statute of uses, as is argued, or whether technically they inherit from him. We are unable to see upon what principle of equity it should be burdened with the lien asserted by the appellant.

The decree is affirmed.